**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 30 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10266 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 3:13-cr-00007-RCJ-WGC-1 |
| | 3:13-cr-00007-RCJ-WGC |
| DESMOND QUINNTRAIL HAYES, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted June 15, 2022
San Francisco, California

Before: S.R. THOMAS, GOULD, and BEA, Circuit Judges.

Desmond Quinntrail Hayes ("Hayes") appeals the denial of his motion for

compassionate release due to "extraordinary and compelling reasons" pursuant to

18 U.S.C. § 3582(c)(1)(A)(i). Because the parties are familiar with the facts, we

do not review them here. We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review a motion for compassionate release under § 3582(c)(1) for abuse of discretion. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam). "A district court abuses its discretion if it fails to apply the correct legal standard or if its application of the correct standard is 'illogical, implausible, or without support in inferences that may be drawn from facts in the record.'" *United States v. Estrada*, 904 F.3d 854, 862 (9th Cir. 2018) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc)). A district court's construction of a statute is reviewed *de novo*. *Aruda*, 993 F.3d at 799.

**1.** The district court stated the wrong legal standard when it asserted that a defendant seeking compassionate release for "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) must show that he "'is not a not a danger to the safety of any other person or the community, as provided under [18 U.S.C. §] 3142(g).' § 3582(c)(1)(A)." A finding of non-dangerousness is not required under § 3582(c)(1)(A)(i). *Aruda*, 993 F.3d at 799 ("This dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i)"). The district court's supplemental order did not cure this error.

**2.** For Hayes to succeed on his motion for compassionate release pursuant to § 3582(c)(1)(A)(i), the district court must determine that both (a) "extraordinary and compelling reasons warrant such a reduction" and (b) a reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a). *See* § 3582(c)(1)(A); *United*

2

*States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (noting that the "extraordinary and compelling reasons" analysis and the 3553(a) factors analysis are a "sequential inquiry"). Here, the district court found, independent of its incorrect recitation of the legal standard, that Hayes's circumstances were not so "extraordinary and compelling" as to warrant compassionate release. Although the district court explained its finding poorly, a district court has wide latitude to determine whether a defendant has demonstrated "extraordinary and compelling reasons" sufficient to justify compassionate release. *See* § 3582(c)(1)(A); *Keller*, 2 F.4th at 1281. The district court did not abuse its discretion in determining that Hayes has not demonstrated "extraordinary and compelling reasons" sufficient to justify compassionate release.[1]

**AFFIRMED.**

---

[1] Because we hold that the district court did not abuse its discretion in determining that Hayes had not demonstrated "extraordinary and compelling reasons," we need not determine whether the district court's cursory analysis of the § 3553(a) factors was legally sufficient.